**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL QUEZADA, | No. 16-72674 |
| Petitioner, | Agency No. A078-008-133 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Miguel Angel Quezada, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision finding him ineligible for asylum and withholding of

removal, and denying relief under the Convention Against Torture ("CAT"). We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in determining that Quezada's conviction for possession of cocaine for sale under California Health and Safety Code § 11351 was a particularly serious crime, where drug trafficking crimes are presumed to be particularly serious, and the BIA considered the correct factors in concluding Quezada failed to rebut that presumption. *See Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007) (recognizing the "strong presumption" that drug trafficking offenses are particularly serious); *Avendano-Hernandez*, 800 F.3d at 1077 ("Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." (internal quotations omitted)).

Substantial evidence supports the agency's denial of CAT relief, where Quezada failed to show that it is more likely than not he would be tortured by or with the acquiescence of a government official in Mexico. *See* 8 C.F.R. § 1208.18(a)(1); *Silaya*, 524 F.3d at 1073. The record does not support Quezada's contention that the agency failed to consider his claim in the totality. *See*

*Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency must consider the issues raised and express its decision "in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**